**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| Jennifer R., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 20-cv-50184 |
| v. ) | |
| ) | Magistrate Judge Margaret J. Schneider |
| Kilolo Kijakazi, ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jennifer R. seeks review of the final decision of the Commissioner of the Social Security Administration denying her disability benefits. The parties have filed cross motions for summary judgment [20], [27]. For the reasons set forth below, Plaintiff's motion for summary judgment [20] is granted and the Commissioner's motion for summary judgment [27], is denied. This matter is remanded for further proceedings.

**BACKGROUND**

A.  Procedural History

On August 25, 2016, Jennifer R. ("Plaintiff") applied for Disability Insurance Benefits. R. 21. This application alleged a disability beginning on July 10, 2015. *Id*. The Social Security Administration ("Commissioner") denied her application on March 7, 2017, and upon reconsideration on June 22, 2017. *Id*. Plaintiff filed a written request for a hearing on June 30, 2017. *Id*. On February 4, 2019, a hearing was held by Administrative Law Judge ("ALJ") Lana Johnson where Jennifer R. appeared and testified. Plaintiff was represented by counsel. *Id*. At the hearing, medical expert Cheryl R. Buechner, Ph.D., appeared and testified, as did vocational expert Linda M. Gels. *Id*.

On May 1, 2019, the ALJ issued her written opinion denying Plaintiff's claims for disability insurance benefits. R. 21–42. Plaintiff appealed the decision to the Appeals Council, and the Appeals Council denied Plaintiff's request for review. R. 1–7. Plaintiff now seeks judicial review of the ALJ's decision, which stands as the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). The parties have consented to the jurisdiction of this Court. *See* 28 U.S.C. § 636(c); [16]. Now before the Court are Plaintiff's motion for summary judgment [20] and the Commissioner's cross-motion for summary judgment and response to Plaintiff's motion for summary judgment [27].

---

[1] Kilolo Kijakazi has been substituted for Andrew Saul. Fed. R. Civ. P. 25(d).

B. The ALJ's Decision

In her ruling, the ALJ analyzed the statutorily required five-step analysis to determine whether Plaintiff was disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). At step one of the five-step analysis, the ALJ found that Plaintiff had not been engaging in substantial gainful activity since the alleged onset date of July 10, 2015. R. 23. At step two, the ALJ found that Plaintiff had the following severe impairments: major depressive disorder/persistent depressive disorder; post-traumatic stress disorder ("PTSD"); personality disorder; generalized anxiety disorder; panic disorder without agoraphobia; and migraine headaches with psychogenic syncope. R.24. The ALJ found that these impairments significantly limited Plaintiff's ability to perform basic work activities. *Id*. At step three, the ALJ found that Plaintiff did not have an impairment or combination or impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1. R. 25.

Before step four, the ALJ found that Plaintiff had a residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following non-exertional limitations: she could never climb ladders, ropes, or scaffolds, but could frequently balance. She could have occasional exposure to extreme cold, unprotected heights and dangerous heavy moving machinery, but cannot work in an environment with very loud noise. She could understand, remember, and carry out simple routine tasks. She could not meet fast-paced hourly production goals but would be able to meet end-of-day goals. She could use judgment limited to simple work-related decisions. She could have occasional interaction with supervisors and brief and superficial interaction with the general public. She could be off task less than 10% in a workday. R. 27. At step four, the ALJ found that Plaintiff could not perform any past relevant work. R. 40. Finally, at step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including cleaner-housekeeper, hand packager, and hospital cleaner. R. 41. Therefore, the ALJ concluded that Plaintiff was not disabled under the Social Security Act at any time from July 10, 2015, through the date of decision, May 1, 2019. R. 42.

**STANDARD OF REVIEW**

The reviewing court reviews the ALJ's determination to establish whether it is supported by "substantial evidence," meaning "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Substantial evidence is "more than a mere scintilla." *Wright v. Kijakazi*, No. 20-2715, 2021 WL 3832347, at *5 (7th Cir. 2021). "Whatever the meaning of 'substantial' in other contexts, the Supreme Court has emphasized, 'the threshold for such evidentiary sufficiency is not high.'" *Id*. (quoting *Biestek v. Berryhill*, 139 S.Ct. 1148, 1153 (2019)). As such, the reviewing court takes a limited role and cannot displace the decision by reconsidering facts or evidence or by making independent credibility determinations. *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). "'Although this standard is generous, it is not entirely uncritical', and the case must be remanded if the 'decision lacks evidentiary support.'" *Horner v. Berryhill*, No. 17 C 7586, 2018 WL 3920660, at *1 (N.D. Ill. Aug. 16, 2018), quoting *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). As to step three of the ALJ's analysis – the listing – "A claimant bears the burden to show that her impairments meet a listing and that the

impairments satisfy all criteria of the listing." *Melissa G. v. Saul*, No. 18 CV 50218, 2019 WL 4392995, at * 6 (N.D. Ill. Sept. 13, 2019).

## DISCUSSION

The ALJ found that Plaintiff suffered from a severe migraine disorder. R. 25. Under the ALJ's residual functional capacity analysis of her decision, the ALJ recounted Plaintiff's migraine disorder history, as supported by the medical records. The ALJ found that, beginning in August 2014, Plaintiff suffered from a 3-day migraine. At that time, Plaintiff was taking Topiramate twice a day for migraine prevention. R. 29. Anne Lewis, ARPN found that her migraines were "fairly well managed." In October of 2014, Plaintiff was admitted to the hospital after seeing neurologist Rodney Short, M.D., with a 3-day headache. *Id*. While she became headache-free upon release from the hospital, the headaches returned after discharge. R. 30. In March of 2015, Plaintiff reported experiencing migraines over 15 days a month and lasting four hours long. In May of 2015, Plaintiff saw Terry Donald, M.D. for evaluation following a consultation at the Mayo Clinic. She reported at that time she was experiencing headaches accompanied by passing out. *Id*. In September of 2015, Plaintiff saw neurologist Chigolum Eze, M.D. for evaluation of headaches and passing out. Dr. Eze increased Plaintiff's Topamax prescription. In November of 2015, neurologist George Urban, M.D. admitted Plaintiff to the hospital for 13 days due to intractable, chronic headaches. *Id*. Plaintiff was admitted to the hospital again in April of 2016 for intractable headaches. R. 32. In October of 2016, Plaintiff was admitted to the hospital by Dr. Urban for 10 days due to uncontrollable headaches. R. 33. In April of 2017, Plaintiff was admitted to the Diamond Headache Inpatient Unit at Presence St. Joseph Hospital in Chicago, Illinois, for migraine pain. R. 35. She was again admitted to this Unit in February 2018. R. 36. Plaintiff was seen in the emergency department in May of 2018 following a reported syncopal episode while at her doctor's office. *Id*. In November of 2018, Plaintiff received injections of Methadone and Promethazine to help control her intractable migraine. *Id*. The ALJ found that Plaintiff's chronic pain was related to migraines, which Plaintiff had reported to be constant, worsening, and severe. R. 37. The ALJ stated: "While [Plaintiff] has had multiple admissions for migraine headache control…she had reported Benadryl and biofeedback techniques were effective." *Id*.

At step three of the ALJ's analysis, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meet or equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. Plaintiff alleges the ALJ failed at step three to properly assess whether Plaintiff's condition satisfied listing 11.02.

If an ALJ determines that a claimant meets or equals the severity of a listed impairment, the claimant is presumptively disabled. In this case, there is no dispute that while there is no specific listing for migraine headaches, listing 11.02(B), the listing for epilepsy, is routinely applied in evaluating migraines. Listing 11.02(B) provides: "Dyscognitive seizures [here: migraines] occurring at least once a week for at least 3 consecutive months despite adherence to prescribed treatment." 20 C.F.R. Pt. 404, Subpt. P. Appx. 1 § 11.02(B). "Courts routinely apply the epilepsy Listing 11.02 when analyzing a claimant's severe migraines because there is no separate listing for migraines or headaches." *Melissa G.*, 2019 WL 4392995, at * 6, citing *Cooper v. Berryhill*, 244 F.Supp.3d 824, 829 (S.D. Ind. 2017).

3

Here, the ALJ acknowledged that Plaintiff's severe migraines would be considered akin to dyscognitive seizures, hence, listing 11.02(B). However, the ALJ found that the record failed to support evidence of "extreme limitation" under listing 11.00D2, nor evidence of a marked limitation of physical functioning. The ALJ further found that the record failed to support the required "frequency" of migraines: "once a week or once every two weeks." R. 25. Regarding frequency, the ALJ stated that while Plaintiff kept a detailed "syncope" journal and claimed she had been passing out most of her life, these representations are not corroborated by the medical evidence, nor are these episodes counted under listing 11.02. *Id*. The ALJ further noted that while Plaintiff claimed to have severe migraines, on exam she presented with "no acute distress." *Id*. As to a step three analysis of Plaintiff's claims of migraine headaches and impairment under listing 11.02(B), this sums up the ALJ's findings.

Plaintiff argues her headaches occurred nearly daily, were severe (requiring hospitalization) and accompanied by syncope and other physical side effects, and she was prescribed numerous medications – meeting the requirements of listing 11.02(B). She argues the ALJ failed to provide any support for her finding that Plaintiff did not meet or equal listing 11.02(B). The Court agrees that the medical records suggest that Plaintiff experienced severe migraines at least once a week for well over a year. The record also notes that Plaintiff followed numerous treatment recommendations by several neurologists and other medical professionals, including medication therapy. For its part, the Commissioner argues that the ALJ properly found that the Plaintiff's migraine condition failed to satisfy listing 11.02, since the ALJ "need only state that a claimant's impairment does not medically equal a listing impairment." [27], p. 4. The Commissioner cites to *Jeske v. Saul*, 955 F.3d 583, 588 (7th Cir. 2020), for the proposition that "[w]hen evaluating whether an impairment is presumptively disabling under a listing, the ALJ must discuss the listing by name and offer more than a perfunctory analysis of the listing." *Id*. (citing *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). Plaintiff agrees with this standard, but the parties diverge regarding the ALJ's analysis. The Commissioner argues that the ALJ did enough by recognizing that migraines fall under listing 11.02(B) and determining that Plaintiff did not satisfy any part of that listing. The Commissioner also notes that the ALJ opined that Plaintiff failed to prove the weekly qualifying migraine requirement. Plaintiff argues that the ALJ did not provide a supported rationale for her findings. Citing to *Minnick v. Colvin*, 775 F.3d 929, 935-36 (7th Cir. 2015), Plaintiff notes Seventh Circuit findings that a "perfunctory" analysis can be found inadequate to dismiss an impairment as not meeting or equaling a listing. *Minnick* cites to cases where the court has found that that ALJ's analysis "failed to articulate [a] rationale;" was "inadequate and warrant[ed] remand;" and was "devoid" of an analysis that would aid a judicial review. *See also Shulfer v. Kijakazi*, No. 20-cv-586-jdp, 2021 WL 4317043, at * 4 (W.D. Wisc. Sept. 23, 2021) ("the ALJ erred by failing to provide any analysis of whether Shulfer's impairment medically equaled Listing 11.02(B)).

Here, the Court agrees with Plaintiff that the ALJ failed to provide more than a "perfunctory" analysis of listing 11.02(B). The ALJ did little more than to acknowledge listing 11.02(B) as applying to Plaintiff, setting out the requirements, and then concluding that Plaintiff's medical records did not support her accounts. In evaluating "frequency" (to meet the listing 11.02(B) requirement), the ALJ found that the medical records did not support Plaintiff's personal accounts of passing out, despite Plaintiff's "very detailed 'Syncope Journal.'" R. 25. The ALJ also noted that the medical records showed Plaintiff had "psychogenic, non-epileptic syncope

4

episodes" that would be covered under an 11.02(B) listing. What appears to be missing from the ALJ's decision is an analysis of Plaintiff's *severe migraine disorder* as it would relate to a finding under listing 11.02(B). The ALJ found that Plaintiff had severe migraine pain "but on exams, she was in no acute distress." This being the most substantive comment by the ALJ regarding Plaintiff's migraines (as considered under listing 11.02(B)), the Court finds that it is not enough to satisfy the Court of a proper, more than perfunctory, analysis.

## CONCLUSION

The Court finds the ALJ's evaluation of Plaintiff's migraine condition under listing 11.02(B) lacks support and explanation. Therefore, the Court remands this matter to allow the ALJ to execute a suitable analysis of Plaintiff's migraine symptoms and determine if Plaintiff's impairment can satisfy listing 11.02(B). The Court offers no opinion as to the other bases of error in the ALJ's decision, as raised by Plaintiff. For the foregoing reasons, Plaintiff's motion for summary judgment [20], is granted. and the Commissioner's motion for summary judgment [27] is denied. This case is remanded for further proceedings.

Date: 03/24/2023                           ENTER:

_____
United States Magistrate Judge

5